**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON MOYE Sr., | No. 23-3601 |
| Plaintiff - Appellant, | D.C. No. 3:21-cv-00535-MO |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 29, 2025[**]

Before:     WALLLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Brandon Moye, Sr. appeals pro se the district court's affirmance of the

Social Security agency's decision granting his application for disability insurance

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

benefits and supplemental security income under Titles II and XVI of the Social Security Act. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Moye challenges the administrative law judge's (ALJ) decision that the onset date of Moye's disability is January 16, 2015. Moye maintains that the onset date of his disability is an earlier date: May 31, 2013. Moye requests retroactive payments from that date.

The record establishes that May 31, 2013, is the date when Moye's earlier, separate application for disability benefits was denied by the agency. In the present case, filed in 2015, the ALJ's decision clearly states that Moye was not disabled prior to January 16, 2015, but Moye became disabled as of that date. Moye's alleged date of disability of May 31, 2013, is based on Moye's misreading of the ALJ's unambiguous decision in this case.

Because the ALJ applied the correct legal standard and substantial evidence supports the finding of a disability onset date of January 16, 2015, we affirm. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (2021) (The court of appeals will "reverse only if the ALJ's decision was not supported by substantial evidence in the record

as a whole or if the ALJ applied the wrong legal standard.").[1]

**AFFIRMED**.

---

[1] Moye's motion for review at Docket Entry No. 24 is denied as moot.

23-3601